[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 31, 2010
JOHN LEY
CLERK

_____

No. 09-14014

_____

D. C. Docket No. 07-00151-CR-MEF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LORENZO RAINER,
a.k.a. Reno Rainer,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(August 31, 2010)

Before TJOFLAT, CARNES and COX, Circuit Judges.

CARNES, Circuit Judge:

This is yet another felon-in-possession case involving yet another variation on the issue of whether a previous conviction qualifies as a "violent felony" for purposes of the enhanced penalties provided in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1).[1] The specific question in this case is whether a conviction for violating Alabama's third-degree burglary statute, Ala. Code § 13A-7-7, is a "violent felony" for ACCA purposes. Although convictions under the statute will not be "violent felon[ies]" in every case, the charging documents leading to this defendant's previous convictions for third-degree burglary convince us that they do qualify as violent felonies.

Lorenzo Rainer was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). His conviction resulted from a jury trial in which a police officer testified that during a foot chase Rainer had pulled out a silver, snub-nosed revolver and pointed it at him. The officer also testified that he found a revolver fitting that description soon thereafter in a yard through which Rainer had run. Rainer never disputed that he was a convicted felon but he does contend that there was insufficient evidence to prove that he knowingly possessed a firearm. That contention is frivolous in light of the officer's testimony, which the

_____

[1] See, e.g., United States v. Harris, 608 F.3d 1222, 1223–24 (11th Cir. 2010); United States v. Lee, 586 F.3d 859, 872–74 (11th Cir. 2009); United States v. Harrison, 558 F.3d 1280, 1290–96 (11th Cir. 2009); United States v. Wade, 458 F.3d 1273, 1277–78 (11th Cir. 2006); United States v. Dowd, 451 F.3d 1244, 1255 (11th Cir. 2006); United States v. James, 430 F.3d 1150, 1155–57 (11th Cir. 2005).

jury was entitled to credit, that Rainer had pointed a firearm at him.

Rainer's non-frivolous contention is that the district court erred when it decided at sentencing that he qualified for an enhanced sentence under the ACCA, 18 U.S.C. § 924(e)(1), which applies to a defendant convicted under § 922(g) who has three previous convictions for violent felonies or serious drug offenses. Two of the three earlier convictions that were used to qualify Rainer as an armed career criminal were Alabama convictions for third-degree burglary, Ala. Code § 13A-7-7, which he argues are not "violent felon[ies]" for ACCA purposes.

The ACCA provides that a "burglary" that is punishable by more than a year in prison is a violent felony. See 18 U.S.C. § 924(e)(2)(B)(ii). Alabama law makes third-degree burglary a Class C felony, which is punishable by up to ten years in prison. See Ala. Code §§ 13A-5-6(a)(3); 13A-7-7(b). The ACCA does not, however, view all burglaries as equal. It discriminates between two types, using terminology created for that purpose in ACCA decisions. As the statute has been interpreted a conviction for "generic burglary" counts as a violent felony, while a conviction for "non-generic burglary" does not.

In Taylor v. United States, 495 U.S. 575, 110 S.Ct. 2143 (1990), the Supreme Court held that "a person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact

3

definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Id. at 599, 110 S.Ct. at 2158. Regardless of its state law label, a burglary that includes those elements is a "generic burglary" and qualifies as a "violent felony" for ACCA purposes. See United States v. Rodriquez, 553 U.S. 377, 387, 128 S.Ct. 1783, 1790 (2008) (observing that "the meaning of 'burglary' for purposes of [the] ACCA does not depend on the label attached by the law of a particular State"); Shepard v. United States, 544 U.S. 13, 16–17, 125 S.Ct. 1254, 1257 (2005) (explaining that the listing of burglary as a predicate "violent felony" in the ACCA refers to "generic burglary," which is the "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime" (quotation marks omitted)); United States v. Miles, 290 F.3d 1341, 1347 (11th Cir. 2002) ("Because the statutory definition of burglary differs in many states, a burglary conviction serves as a predicate for enhanced sentencing under section 924(e) only if the conviction is for a crime involving the elements of 'generic' burglary.").

The Supreme Court explained in Taylor that some state statutes "define burglary more broadly" than generic burglary, and it gave as an example statutes that include automobiles and boats among the property that may be burglarized. See Taylor, 495 U.S. at 599, 110 S.Ct. at 2158–59; see also Gonzales v. Duenas-

Alvarez, 549 U.S. 183, 186–87, 127 S.Ct. 815, 818 (2007) (noting that breaking into a vehicle falls outside the generic definition of burglary because a vehicle is not a "building or structure" (quotation marks omitted)); Shepard, 544 U.S. at 15–16, 125 S.Ct. at 1257 (explaining that the ACCA "makes burglary a violent felony only if committed in a building or enclosed space ('generic burglary'), not in a boat or motor vehicle"); United States v. Adams, 91 F.3d 114, 115 (11th Cir. 1996) (giving burglary of a vehicle as an example of non-generic burglary). Burglaries that do not include all of the elements essential to generic burglary are non-generic and do not count as violent felonies under the ACCA.

The Alabama third-degree burglary statute underlying two of Rainer's three previous felony convictions provides that: "[a] person commits the crime of burglary in the third degree if he knowingly enters or remains unlawfully in a building with intent to commit a crime therein." Ala. Code § 13A-7-7 (1979). That provision is not the problem. The problem is contained in the applicable definition of "building" as:

> [A]ny structure which may be entered and utilized by persons for business, public use, lodging or the storage of goods, and includes any vehicle, aircraft or watercraft used for the lodging of persons or carrying on business therein. Where a building consists of two or more units separately occupied or secured, each shall be deemed both a separate building and a part of the main building.

5

Ala. Code § 13A-7-1(2) (1979) (emphasis added).[2]  Rainer contends that statute

sweeps in more conduct than generic burglary—that it is "a nongeneric-burglary

statute," see Taylor, 495 U.S. at 599–600, 110 S.Ct. at 2159—because Alabama's

definition of a "building" includes vehicles, aircraft, or watercraft if those objects

were used "for the lodging of persons or carrying on business therein."  See Ala.

Code § 13A-7-1(2) (1979).  The government contends that the definition's

conditional clause narrows the burglary statute's sweep to generic burglary.

We agree with Rainer that Alabama's third-degree burglary statute is a non-

generic burglary statute because it covers vehicles, aircraft, and watercraft, which

are places or property falling outside the scope of generic burglary.  See Taylor,

495 U.S. at 599–600, 110 S.Ct. at 2158–59; Shepard, 544 U.S. at 16–17, 125 S.Ct.

---

[2] After Rainer's first third-degree burglary conviction in 1981 and his July 1982 arrest leading to the second third-degree burglary conviction, Alabama amended the definition of "building" to read as follows:

> Any structure which may be entered and utilized by persons for business, public use, lodging or the storage of goods, and such term includes any vehicle, aircraft or watercraft used for the lodging of persons or carrying on business therein and such term includes any railroad box car or other rail equipment or trailer or tractor trailer or combination thereof.  Where a building consists of two or more units separately occupied or secure, each shall be deemed both a separate building and a part of the main building.

Ala. Code § 13A-7-1(2) (1982) (effective Aug. 22, 1982).  The amendment broadened the definition of "building" to include "any railroad box car or other rail equipment or trailer or tractor trailer or combination thereof."  Id.  The result was to make Alabama's third-degree burglary statute even more non-generic than it was.  See Taylor, 495 U.S. at 599–600, 110 S.Ct. at 2158–59.  Because it did not apply to either of Rainer's Third Degree Burglary convictions, we have not considered the amendment in our analysis, but it would not have made any difference if we had.

at 1257. The conditional clause does not limit the statute's sweep to generic burglary. Even if used "for the lodging of persons or carrying on business therein," see Ala. Code § 13A-7-1(2) (1979), vehicles, aircraft, and watercraft are not "building[s] or structure[s]" in the generic burglary sense. See Taylor, 495 U.S. at 599–600, 110 S.Ct. at 2158–59; Shepard, 544 U.S. at 15–16, 125 S.Ct. at 1257. The definitional focus is on the nature of the property or place, not the nature of its use at the time of the crime.

The finding that Alabama's third-degree burglary statute is a non-generic burglary statute does not end our inquiry. A conviction under a non-generic burglary statute still counts as "burglary" under the ACCA if the defendant was actually found guilty of the elements of a generic burglary. See id. at 602, 110 S.Ct. at 2160; United States v. Palomino Garcia, 606 F.3d 1317, 1328 (11th Cir. 2010); United States v. Bennett, 472 F.3d 825, 832 (11th Cir. 2006) ("A conviction constitutes 'burglary' for purposes of § 924(e) if either the statutory definition of the offense substantially corresponds to generic burglary or there is a finding of fact that a particular crime contained all the elements of generic burglary." (emphasis added)). In determining whether a conviction under a non-generic burglary statute was nonetheless for generic burglary, courts employ the "modified categorical approach." See United States v. Sneed, 600 F.3d 1326, 1330–32 (11th

7

Cir. 2010) (explaining that the modified categorical approach addresses "what material sentencing courts may use to determine the nature of a defendant's prior felony convictions for purposes of the § 924(e)(1) ACCA enhancement"). This approach allows a "court to determine which [state] statutory phrase was the basis for the [defendant's] conviction by consulting the trial record—including charging documents, plea agreements, transcripts of plea colloquies, findings of fact and conclusions of law from a bench trial, and jury instructions and verdict forms." Johnson v. United States, __ U.S. __, 130 S.Ct. 1265, 1273 (2010); see also Chambers v. United States, __ U.S. __, 129 S.Ct. 687, 691 (2009); Shepard, 544 U.S. at 26, 125 S.Ct. at 1263; Taylor, 495 U.S. at 602, 110 S.Ct. at 2160; Palomino Garcia, 606 F.3d at 1337 (explaining that under this approach a court may consult a "narrow universe" of documents to determine which state statutory phrase was the basis for the conviction).

The district court concluded that both of Rainer's previous third-degree burglary convictions counted for ACCA purposes only after reviewing the indictment and judgment in each one. A 1980 Alabama state court indictment charged that Rainer "did knowingly enter or remain unlawfully in a building of Richie's Shoe Store, Inc., a corporation, with intent to commit a crime therein, to-wit: theft of property, in violation of Section 13A-7-7 of the Code of Alabama."

The corresponding judgment shows that he was convicted of those charges. A 1982 indictment charged that Rainer "did knowingly enter or remain unlawfully in a building of, to wit: Whiddon's Gulf Service Station, owned by Wilson M. Whiddon, with intent to commit a crime therein, to wit: theft of property, in violation of § 13A-7-7 of the Code of Alabama." The corresponding judgment shows that he was convicted of those charges.

Rainer argues that those state court records establish only that he burglarized a "building" and Alabama's broad definition of "building" makes it possible that his convictions were for unlawful entry of places that fall outside the scope of generic burglary. The question is whether "building of Richie's Shoe Store, Inc." and "building of, to wit: Whiddon's Gulf Service Station" in the indictments show that Rainer's convictions were for burglary of a shoe store and service station, places that fall squarely within the scope of generic burglary. See Taylor, 495 U.S. at 599–600; 110 S.Ct. at 2158–59. Rainer's argument hinges on the proposition that under the § 13A-7-1(2) definition of "building" the indictments' description of a "building of Richie's Shoe Store, Inc." and of a "building of, to wit: Whiddon's Gulf Service Station" could have been referring not to structures but to vehicles. To fit within the statutory definition of "building" vehicles must be used "for the lodging of persons or carrying on business therein." See Ala. Code § 13A-7-1(2)

9

(1979). But a vehicle could not be used to carry on the business of a gasoline service station, which is mainly to dispense gasoline for sale. While a shoe store theoretically could be operated out of a vehicle, that possibility is too farfetched to undermine our conviction that Rainer's two previous convictions were for burglary of a building in the generic burglary sense of the word. The Supreme Court has instructed us that the "ACCA does not require metaphysical certainty." James v. United States, 550 U.S. 192, 207, 127 S.Ct. 1586, 1597 (2007). The ACCA is part of the real world, and courts should not refuse to apply it because of divorced-from-reality, law-school-professor-type hypotheticals that bear no resemblance to what actually goes on.

The Supreme Court has told us that a conviction under a non-generic burglary statute qualifies as an ACCA predicate offense "if the indictment . . . show[s] that the defendant was charged only with a burglary of a building." Shepard, 544 U.S. at 17, 125 S.Ct. at 1258 (quotation marks omitted)). The indictments in Rainer's two previous cases sufficiently show that he was.

**AFFIRMED**.