[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 12, 2011
JOHN LEY
CLERK

_____

No. 10-15590
Non-Argument Calendar

_____

D.C. Docket No. 9:10-cr-80052-KAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTWON DENARD BUSH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 12, 2011)

Before HULL, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Antwon Bush appeals the sentence imposed following his guilty plea to a

single-count of being a felon in possession of a firearm and ammunition, in

violation of 18 U.S.C. §§ 922 (g)(1) and 924(e). The district court sentenced him to 180 months in prison in accordance with the Armed Career Criminal Act ("ACCA") because Bush had been convicted of three violent felonies. On appeal, Bush argues that the district court erred in enhancing his sentence because (i) his prior conviction for burglary of an unoccupied structure was not a violent felony and (ii) his prior convictions were not charged in the indictment or found by a jury. After a thorough review of the record, we affirm.

Bush entered an unconditional plea to possession of a firearm and ammunition and at the change-of-plea hearing admitted that he had previously been convicted of burglary of a structure, aggravated assault on a police officer with a deadly weapon and fleeing police, and burglary of an occupied dwelling.

Based on these facts, the probation officer determined that Bush qualified as an armed career criminal under § 924(e) and U.S.S.G. § 4B1.4. The presentence investigation report (PSI) quoted the indictment and judgment in connection with the prior conviction for burglary of a structure as follows: Bush "did knowingly enter or remain in a structure, the property of USA GROCERS, INC., with intent to commit an offense therein." According to the PSI, Bush smashed the glass of the convenience store, entered the building, and took $183 in cash.

Bush's status as an armed career criminal subjected him to a mandatory minimum sentence of 180 months' imprisonment. 18 U.S.C. § 924(e). Although he did not object to the facts set forth in the PSI, Bush disputed that his prior conviction for burglary of a structure was a qualifying offense under the ACCA. He also objected on the ground that his prior convictions had not been charged in the indictment. The district court overruled the objections, finding that the prior burglary conviction qualified as a violent felony under the ACCA, and that the government was not required to charge prior convictions in the indictment under *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). The court then sentenced Bush to the mandatory minimum sentence.

I.

We review *de novo* a district court's determination that a defendant's prior convictions constitute violent felonies under the ACCA. *United States v. Matthews*, 466 F.3d 1271, 1273 (11th Cir. 2006). The ACCA defines a violent felony as:

> any crime punishable by imprisonment for a term exceeding one year . . . that  (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).

In *Taylor v. United States*, the Supreme Court held that an offense constituted "burglary" under the ACCA when "either its statutory definition substantially corresponds to 'generic' burglary, or the charging paper and jury instructions actually required the jury to find all the elements of generic burglary in order to convict the defendant." 495 U.S. 575, 602 (1990). The Supreme Court held that a "generic" burglary for purposes of § 924(e) was one "having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Id*. at 599.

Here, we conclude that the district court properly found that Bush's prior conviction for burglary of an unoccupied structure was a violent felony under the ACCA. At sentencing, Bush conceded that his prior conviction was for a generic burglary.[1] But even if Bush's prior conviction is not generic burglary, it still qualifies as a crime of violence because the state indictment confirms that Bush was charged with entering a structure with the intent to commit a crime therein, which fits the definition of a generic burglary under *Taylor*. 495 U.S. at 599; *see also United States v. Ranier*, 616 F.3d 1212, 1215 (11th Cir. 2010), *cert. denied*,

[1] Although this was likely an error, and the offense is actually a non-generic burglary, it is an invited one and we need not address it. *United States v. Love*, 449 F.3d 1154, 1157 (11th Cir. 2006).

4

131 S.Ct. 968 (2011) (explaining that this court uses the modified categorical approach to determine if a conviction under a non-generic burglary statute was nonetheless for generic burglary).  Therefore, the district court properly sentenced Bush as an armed career criminal.

## II.

We review constitutional sentencing issues *de novo*.  *United States v. Steed*, 548 F.3d 961, 978 (11th Cir. 2008).  In *Almendarez-Torres*, the Supreme Court held that a prior conviction used to enhance a sentence under 8 U.S.C. § 1326(b)(2) was not an element of the offense, and, thus, need not be alleged in the indictment or found by a jury beyond a reasonable doubt.  523 U.S. 224, 226-27 (1998). Because we are bound by the Supreme Court's decision in *Almendarez-Torres* until it is expressly overruled, Bush's prior convictions did not have to be alleged in the indictment or found by a jury.  *See United States v. Gibson*, 434 F.3d 1234, 1246-47 (11th Cir. 2006).  Therefore, the district court properly enhanced Bush's sentence pursuant to the ACCA.

Accordingly, we affirm.

**AFFIRMED.**