[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10442
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 26, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:09-cr-00468-VEH-HGD-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVE LEVERT BEASLEY,
a.k.a. Henry Jamal Jackson,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(October 26, 2011)


Before HULL, PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Dave Beasley appeals his convictions and 204-month total sentence for two counts of knowingly possessing a firearm in and affecting interstate commerce, after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1). Beasley argues on appeal that the district court (1) erred in denying his motion to suppress; (2) abused its discretion in denying his motion to withdraw his guilty plea; (3) erred in applying the sentencing enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1); (4) violated his Fifth and Sixth Amendment rights by using a prior conviction to enhance his sentence; and (5) imposed a sentence that was unreasonable.

## I.

Beasley argues that the district court erred in denying his motion to suppress. He contends that the gun evidence police found during traffic stops on March 7 and July 21 require suppression because the police lacked probable cause and reasonable suspicion in both instances.

Rulings on motions to suppress involve mixed questions of fact and law. United States v. Jordan, 635 F.3d 1181, 1185 (11th Cir. 2011). We review the district court's factual findings for clear error and its application of the law to the facts de novo. Id.

The Fourth Amendment protects individuals from unreasonable searches and seizures. U.S. Const. amend. IV. There are three broad categories of encounters between police and citizens for purposes of the Fourth Amendment: "(1) police-citizen exchanges involving no coercion or detention; (2) brief seizures or investigatory detentions; and (3) full-scale arrests." United States v. Perez, 443 F.3d 772, 777 (11th Cir. 2006). An investigatory stop "involves reasonably brief encounters in which a reasonable person would have believed that he or she was not free to leave." Id. (quoting United States v. Espinosa-Guerra, 805 F.2d 1502, 1506 (11th Cir. 1986)).

In order to justify an investigatory seizure, "the government must show a reasonable, articulable suspicion that the person has committed or is about to commit a crime." Id. Although reasonable suspicion is a less demanding standard than probable cause, it requires "at least a minimal level of objective justification for making the stop." Jordan, 635 F.3d at 1186. When determining whether reasonable suspicion exists, we consider "the totality of the circumstances in light of the officer's own experience" to ascertain whether the officer had an objectively reasonable basis for suspecting wrongdoing. United States v. Caraballo, 595 F.3d 1214, 1222 (11th Cir. 2010).

As to Count 1, resulting from the March 7 traffic stop, Beasley contends that the police officers did not have reasonable suspicion to stop his car. However, Officer McKinstry had ample reasonable suspicion. While driving behind Beasley's vehicle, Officer McKinstry observed Beasley turn without giving a proper signal.[1] Also, Officer McKinstry had responded the previous day to a report of a man beating a woman with a gun, and a witness had told the officer that Beasley was the assailant. The witness had also described Beasley's vehicle to the officer. Since Officer McKinstry had reasonable suspicion to stop Beasley for both the traffic violation and the assault, there was no constitutional violation, and his conviction for Count I is affirmed. Perez, 443 F.3d at 777.

As to Count II, resulting from the July 21 traffic stop, Beasley again contends that the police did not have reasonable suspicion to stop his car. However, he failed to appeal the magistrate judge's finding that there was reasonable suspicion for this stop. Failing to timely object to the magistrate's findings or recommendations will waive a party's right to appellate review. See Fed. R. Crim. P. 59(b)(2). However, even if the claim was not waived, we would

---

[1] See Ala. Code § 32-5A-133(a) ("No person shall turn a vehicle or move right or left upon a roadway . . . without giving an appropriate signal in the manner hereinafter provided.").

affirm the district court's holding that there was reasonable suspicion to stop Beasley. See Perez, 443 F.3d at 777. A clerk at a nearby convenience store had just reported an armed man being disorderly, and the suspect's description matched Beasley, who was parked one block away and was the only person in the area. Also, Beasley was playing music very loudly from his car, in violation of a local noise ordinance. Because there was reasonable suspicion for the July 21 stop, Beasley's conviction on Count 2 is affirmed. Id.

## II.

Beasley next argues that the district court abused its discretion in denying his motion to withdraw his guilty plea. He argues that his guilty plea was not voluntary because he did not comprehend the plea due to mental illness on account of having taken drugs within seventy-two hours of the hearing.

We review the denial of a request to withdraw a guilty plea for abuse of discretion. United States v. Brehm, 442 F.3d 1291, 1298 (11th Cir. 2006). We will reverse the district court's refusal to allow withdrawal of a guilty plea only if the decision was arbitrary or unreasonable. Id.

There is a strong presumption that the statements made during the dialogue at a Rule 11 plea hearing are true. United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994). A defendant may withdraw his guilty plea "after the court

accepts the plea, but before it imposes sentence" where "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2). In determining whether the defendant has shown a fair and just reason, courts consider "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." United States v. Buckles, 843 F.2d 469, 472 (11th Cir. 1988) (citation omitted). "The longer the delay between the entry of the plea and the motion to withdraw it, the more substantial the reasons must be as to why the defendant seeks withdrawal." Id. at 473.

Two mental health professionals concluded that Beasley could likely understand and participate in the proceedings. Beasley himself stated at the plea hearing that he was not mentally impaired as a result of his drug ingestion or otherwise, and that he understood the proceedings. Beasley had the close assistance of counsel, who discussed the process with him and was satisfied that his plea was knowing. There is no indication that his plea was not knowing and voluntary, and after two evaluations by mental health professionals, sufficient judicial resources had already been spent. Finally, because Beasley did not seek to withdraw his plea until September 2010, six months after he pled guilty in March

6

2010, his reasons for the withdrawal must be substantial, and a withdrawal at this stage may prejudice the government. See id. at 473-74. Therefore, the district court did not abuse its discretion in determining that Beasley failed to demonstrate a "fair and just reason" for requesting withdrawal of his guilty plea. Id. at 472; Fed. R. Crim. P. 11(d)(2)(B).

## III.

Beasley next argues that the district court committed error in applying the ACCA enhancement to Beasley's sentence for his previous burglary conviction under Alabama law, deemed a "violent felony" in the presentence investigation report ("PSI").

We review de novo whether a particular conviction is a "violent felony" for purposes of the ACCA. United States v. Matthews, 466 F.3d 1271, 1273 (11th Cir. 2006).

"[A] person who violates section 922(g) of this title and has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, . . . shall be fined under this title and imprisoned not less than fifteen years." 18 U.S.C. § 924(e)(1) (emphases added).

"[T]he term 'violent felony' means any crime punishable by imprisonment for a term exceeding one year" that is "burglary, arson, or extortion, involves use

7

of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). However, not all burglaries are automatically included as "violent felonies." A "generic burglary" constitutes a violent felony for ACCA purposes, while a conviction for "non-generic burglary" does not. United States v. Rainer, 616 F.3d 1212, 1213 (11th Cir. 2010). A generic burglary is "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." Taylor v. United States, 495 U.S. 575, 598, 110 S. Ct. 2143, 2158 (1990) (emphasis added). If the state's statutory definition of burglary is substantially similar to the federal definition of burglary under Taylor, or, if the particular facts of the crime contained all the elements of a generic burglary under Taylor, the conviction is a violent felony for the purposes of the ACCA. United States v. Bennett, 472 F.3d 825, 832 (11th Cir. 2006).

Under Alabama law, "[a] person commits the crime of burglary in the third degree if he knowingly enters or remains unlawfully in a building with intent to commit a crime therein." Ala. Code § 13A-7-7(a). The definition of "building" can include vehicles, aircraft, and watercraft, id. § 13A-7-1,[2] and because of this,

---

[2] The exact definition of "building" is "[a]ny structure which may be entered and utilized by persons for business, public use, lodging or the storage of goods, and such term includes any vehicle, aircraft or watercraft used for the lodging of persons or carrying on business

8

Beasley argues that the court cannot automatically assume that his burglary was of the "generic" type–and therefore a violent felony. Indeed, Beasley contends that he had not entered a "building or other structure," see Taylor, 495 U.S. at 598, but had merely entered a "detached type garage," rendering his burglary of the "non-generic" type–and therefore possibly not a violent felony. See Bennett, 472 F.3d at 832 (noting that even a non-generic burglary can be a violent felony depending on the circumstances in which it was committed).

However, we need not decide the issue of whether a garage should be considered a "building or other structure" under Taylor. This is because Beasley's sentence enhancement required only three prior violent felonies or serious drug offenses, and three other such crimes were included in the PSI and specifically labeled as a violent felony or serious drug offense. See 18 U.S.C. § 924(e)(1). Beasley has not objected to these crimes' statuses. The PSI detailed his previous convictions (1) in 1989 for manslaughter for shooting Timothy Bennett, (2) in 1991 for first-degree assault for robbing and shooting Connie Leon Henderson, and (3) in 2002 for unlawful distribution of a controlled substance. See 18 U.S.C.

therein, and such term includes any railroad box car or other rail equipment or trailer or tractor trailer or combination thereof. Where a building consists of two or more units separately occupied or secure, each shall be deemed both a separate building and a part of the main building." Ala. Code § 13A-7-1(2).

§ 924(e)(2)(B) (defining violent felonies); 18 U.S.C. § 924(e)(2)(A) (defining serious drug offenses). Regardless of whether the burglary conviction is a "violent felony," the three other unchallenged prior convictions–all labeled in the PSI as violent felonies or serious drug offenses–were sufficient to enhance his sentence under the ACCA.

IV.

Beasley next argues that the district court violated his Fifth and Sixth Amendment rights by sentencing him to an enhanced imprisonment term based on the prior fact of his conviction that was neither charged in the indictment nor proven to a jury.

We review constitutional sentencing issues de novo. United States v. Steed, 548 F.3d 961, 978 (11th Cir. 2008). However, objections to sentencing issues that are not raised at the district court are reviewed for plain error. United States v. Orduno-Mireles, 405 F.3d 960, 961 (11th Cir. 2005). "We will correct plain error only where (1) there is an error; (2) the error is plain or obvious; (3) the error affects the defendant's substantial rights in that it was prejudicial and not harmless; and (4) the error seriously affects the fairness, integrity, or public reputation of a judicial proceeding." Id.

The Supreme Court established in Almendarez-Torres v. United States, 523 U.S. 224, 118 S. Ct. 1219 (1998), that a defendant's prior conviction is merely a sentencing factor that does not have to be submitted to the jury and proved beyond a reasonable doubt. Id. at 226-27, 235, 118 S. Ct. at 1222, 1226. The Sixth Amendment right to a jury trial is not violated when a district court determines that a prior conviction is a violent crime rather than requiring a jury to make that finding. United States v. Greer, 440 F.3d 1267, 1273-76 (11th Cir. 2006) (holding that a district court may use a defendant's prior convictions to enhance his sentence without the government having to prove the convictions beyond a reasonable doubt). As conceded by Beasley, Almendarez-Torres remains binding precedent in this Circuit. See id. at 1275-76.

Accordingly, precedent forecloses Beasley's argument, and the district court did not commit plain error.

V.

Finally, Beasley argues that the district court's sentence was unreasonable because the court failed to address adequately the 18 U.S.C. § 3553(a) factors and because his case presents circumstances warranting a below-range sentence.

When reviewing the reasonableness of a sentence, we apply an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 56, 128 S. Ct. 586, 600

11

(2007). The sentence the district court imposes must be both procedurally sound and substantively reasonable. Id. at 51, 128 S. Ct. at 597. A district court commits a procedural error if it improperly calculates the guidelines range, treats the Guidelines as mandatory, fails to consider the relevant § 3553(a) factors, chooses a sentence based on clearly erroneous facts, or fails to explain the given sentence. United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008). If the sentence is procedurally sound, the appellate court should then consider the substantive reasonableness of the sentence. See Gall, 552 U.S. at 51, 128 S. Ct. at 597. The appellate court reviews the totality of the facts and circumstances to gauge for substantive error. United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). A sentence is substantively unreasonable if it fails to carry out the statutory purposes of sentencing under § 3553(a). United States v. Dean, 635 F.3d 1200, 1209 (11th Cir. 2011). We will not automatically presume a within-guidelines range to be reasonable, but the Court would ordinarily expect such a sentence to be reasonable. United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008).

In Kimbrough v. United States, 552 U.S. 85, 128 S. Ct. 558 (2007), the Supreme Court noted that a court may determine that a within-guidelines sentence range is greater than necessary to achieve sentencing purposes. Id. at 91, 128 S.

Ct. at 564. We have also noted that while courts may avoid an unnecessarily harsh sentence, they should also ensure that the sentence is sufficient. <u>United States v. Hill</u>, 643 F.3d 807, 884 (11th Cir. 2011).

The district court listened to the arguments put forth, and the reason for the sentence is evident from the record. <u>See</u> <u>United States v. Flores</u>, 572 F.3d 1254, 1270-71 (11th Cir. 2009) (holding that a district court is not required to discuss each § 3553(a) factor and only needs to have set forth enough to show that it "has considered the parties' arguments and has a reasoned basis" for the sentence imposed). The district court specifically stated that it had taken the Guidelines into account and explained that it was sentencing Beasley at the high end of the guidelines range, based on his "extended, consistent, repeated history of violent offenses and serious drug offenses" and his "total lack of . . . remorse." The court noted, in particular, that it was giving great weight to protecting the public from further crimes by Beasley, another § 3553(a) factor. These factors support the conclusion that Beasley's sentence is reasonable, and the district court did not abuse its discretion. <u>See</u> <u>Hunt</u>, 526 F.3d at 746.

**AFFIRMED**.[3]

---

[3] Beasley's request for oral arguments is DENIED.