[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14357
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 20, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:09-cr-00106-MHS-ECS-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DANIEL FOUNTAIN,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 20, 2012)

Before CARNES, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Daniel Fountain appeals his 15-year mandatory minimum sentence, which

the district court imposed under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). After review, we affirm.

I.

Fountain pleaded guilty to possessing a firearm after being convicted of a felony, in violation of 18 U.S.C. § 922(g). The federal indictment that charged Fountain listed five prior felonies under Georgia law, including a 2001 conviction for a residential burglary and four 1997 burglary convictions that involved churches. Fountain's 1997 state burglary convictions resulted from charges that he, "without authority and with the intent to commit a theft therein, entered [several] building[s]," including Abundant Life Church (Count 1), East Crestwood Baptist Church (Count 2), and Prince of Peace Lutheran Church on two separate occasions (Counts 3 and 4).

Fountain's federal presentence investigation report applied the ACCA, under which a defendant who violates 18 U.S.C. § 922(g) is subject to a 15-year mandatory minimum sentence if he has three prior violent felony or serious drug convictions. 18 U.S.C. § 924(e)(1). Fountain objected to the ACCA's application, arguing that the four 1997 burglary convictions did not qualify as violent felonies under the ACCA, which requires burglary of a "building or structure," because they involved sheds on church property that were not designed for occupancy.

2

Fountain's counsel acknowledged that Fountain's state plea colloquy established a factual basis for that assertion only as to Count 1, but argued that because the other counts also could have involved sheds, there was an insufficient factual basis to establish that they were violent felonies.

The district court overruled Fountain's objection, finding that, in addition to the 2001 conviction, all four 1997 convictions qualified as violent felonies. The court concluded that, even if Fountain burglarized sheds at the churches, each shed was a "building or structure" for purposes of the ACCA. The district court then sentenced Fountain to the ACCA's 15-year statutory minimum. This appeal followed.

## II.

We review *de novo* whether a conviction qualifies as a violent felony for purposes of the ACCA. *United States v. Day*, 465 F.3d 1262, 1264 (11th Cir. 2006). A state law burglary offense is a violent felony under the ACCA if it requires proof of "the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 598 (1990); *see* 18 U.S.C. § 924(e)(2)(B)(ii). If a state law criminalizes conduct broader than what would constitute a violent felony under the ACCA, a conviction under that statute nonetheless qualifies as an

ACCA predicate offense if the conduct the defendant was actually found guilty of satisfies the ACCA burglary elements. *United Sates v. Rainer*, 616 F.3d 1212, 1214-15 (11th Cir. 2010), *cert. denied*, 131 S. Ct. 968 (2011). To make this determination, the district court should "'consult[] the trial record-including charging documents, plea agreements, transcripts of plea colloquies, findings of fact and conclusions of law from a bench trial, and jury instructions and verdict forms.'" *Id.* at 1215 (quoting *Johnson v. United States*, 130 S. Ct. 1265, 1273 (2010)).

Georgia's burglary statute is one of these broader statutes. *See United States v. Wade*, 458 F.3d 1273, 1278 (11th Cir. 2006). Under Georgia law, a person commits the offense of burglary when, "without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another or any building, vehicle, railroad car, watercraft, or other such structure designed for use as the dwelling of another or enters or remains within any other building, railroad, aircraft, or any room or any part thereof." O.C.G.A. § 16-7-1(a). We must therefore determine which of Fountain's five prior felony burglary convictions matched the ACCA's burglary elements by looking to the records in those cases.

We conclude that, even setting aside the Count 1 conviction for burglary of

the church shed, Fountain qualified for sentencing under the ACCA. It is uncontested that Fountain's 2001 burglary conviction was a violent felony. And the indictment and plea colloquy for his 1997 burglary convictions indicate that, for Counts 2, 3, and 4, Fountain "entered a building," a church, without authority and with intent to commit a theft therein. Thus, even without resolving whether the burglary of a shed qualifies as a violent felony for purposes of the ACCA, four of Fountain's five prior convictions clearly qualify as such based on the indictments and the 1997 plea colloquy. The district court therefore properly applied the ACCA's 15-year minimum to Fountain's sentence.

**AFFIRMED.**