[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11022
Non-Argument Calendar
_____

D.C. Docket No. 5:10-cr-00027-LGW-JEG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARK ELDON CREWS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(October 31, 2012)

Before BARKETT, WILSON, and CARNES, Circuit Judges.

PER CURIAM:

Mark Crews appeals his 180-month sentence for possession of a firearm as a

felon and armed career criminal, as determined by the Armed Career Criminal Act

("ACCA"). See 18 U.S.C. §§ 922(g)(1), 924(e).  Crews qualified as an armed

career criminal under the ACCA due to his prior convictions for burglarizing or attempting to burglarize various businesses and his 180-month sentence was the minimum sentence required by the ACCA.  18 U.S.C. § 924(e)(1).  On appeal, Crews argues that the ACCA is unconstitutional under the Fifth, Sixth, and Eighth Amendments; that the district court erred in applying a four-level increase to Crews's offense level for use or possession of a firearm in connection with another felony offense; and that his sentence is substantively unreasonable.

I.

Crews first argues that the ACCA and its implementing guidelines are unconstitutional based on the Equal Protection Clause because the distinction between generic (i.e., structure) and non-generic (i.e., non-structure) burglaries bears no rational relationship to a legitimate government purpose.  See Lofton v. Sec'y of Dep't of Children and Family Servs., 358 F.3d 804, 817-18 (11th Cir. 2004) ("[W]hen a challenged classification does not burden a fundamental right or target a suspect class, we determine whether the classification is rationally related to a legitimate state interest.).  We review the constitutionality of statutes de novo. United States v. Reynolds, 215 F.3d 1210, 1212 (11th Cir. 2000).   For rational-basis equal protection challenges, the "legislation must be sustained if there is any conceivable basis for the legislature that the means they have selected will tend to

2

accomplish the desired end[.]" Bah v. City of Atlanta, 103 F.3d 964, 967 (11th Cir. 1997).

Under the ACCA, a person convicted under 18 U.S.C. § 922(g) is subject to a mandatory minimum sentence of 15 years' imprisonment if he has three prior convictions for a violent felony or serious drug offense, committed on different occasions. 18 U.S.C. § 924(e)(1). Regarding burglary, "[a]s the [ACCA] has been interpreted, a conviction for 'generic burglary' counts as a violent felony, while a conviction for 'non-generic burglary' does not." United States v. Rainer, 616 F.3d 1212, 1213 (11th Cir. 2010). A "generic" burglary is "any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Taylor v. United States, 495 U.S. 575, 599 (1990). A "non-generic" burglary is one that "do[es] not include all of the elements essential to generic burglaries," including burglaries of boats, automobiles, and other non-buildings. Rainer, 616 F.3d at 1214.

The government has a legitimate interest in "prevent[ing] repeat offenders from continuing to victimize society." See United States v. Johns, 984 F.2d 1162, 1164 (11th Cir. 1993) (holding that sentencing criminals in part based on criminal history is rationally related to a legitimate government interest). The Supreme Court in Taylor determined that Congress targeted burglaries of buildings and

3

structures because of the inherent potential for a violent confrontation, Taylor, 495 U.S. at 588,[1] and also likely because such generic burglaries "were so often committed by career criminals[,]" Id. at 597.  Accordingly, we reject Crews's argument that the application of the ACCA to generic burglaries is not rationally related to a legitimate government interest.

## II.

Crews next argues that the ACCA and its implementing guidelines are unconstitutional based on the Eighth Amendment's prohibition against cruel and unusual punishment because the sentencing scheme imposes a mandatory minimum sentence without regard for the circumstances of the predicate convictions.  In noncapital cases, the Eighth Amendment forbids extreme sentences that are grossly disproportionate to the crime.  United States v. Farley, 607 F.3d 1294, 1343 (11th Cir. 2010); United States v. Lyons, 403 F.3d 1248, 1256 (11th Cir. 2005).

We have already held that the ACCA's 15-year mandatory minimum sentence is neither cruel and unusual punishment nor disproportionate to the

---

[1] The Taylor Court stated that:

> Congress singled out burglary (as opposed to other frequently committed property crimes such as larceny and auto theft) for inclusion as a predicate offense, . . . because of its inherent potential for harm to persons. The fact that an offender enters a building to commit a crime often creates the possibility of a violent confrontation between the offender and an occupant, caretaker, or some other person who comes to investigate.

495 U.S. at 588.

4

offense of being a felon in possession of a firearm.  See U.S. v. Reynolds, 215 F.3d 1210, 1214 (11th Cir. 2000) (affirming 180-month sentence imposed after defendant's guilty plea to possession of firearm by convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)).  In determining this proportionality, we do not focus on the circumstances related to the predicate convictions, "but rather on the fact that a person with three or more violent felony or serious drug convictions currently possesses a firearm."  Id.  Likewise, we conclude here that Crews's sentence was not grossly disproportionate to the offense and thus did not violate the Eighth Amendment's prohibition against cruel and unusual punishment.  See id. at 1212-13.

## III.

Crews further argues that the ACCA and its implementing sentencing guidelines are unconstitutional based on the Sixth Amendment because Crews has a right to have a jury find any factor that enhances his sentence, including his prior convictions.  Under the Sixth Amendment, a defendant has the right to demand that a jury find him guilty of all the elements of the crime with which he is charged. United States v. Booker, 543 U.S. 220, 230 (2005).  In Almendarez-Torres v. United States, the Supreme Court held that a prior conviction is not a fact that must be alleged in the indictment or found by a jury beyond a reasonable doubt.  523 U.S. 224, 239-47 (1998).  Thus, in United States v. Greer, we relied on

5

Almendarez-Torres in holding that a district court did not violate the Eighth Amendment in determining, based on the conviction documents, that the defendant committed violent felonies for purposes of the ACCA. 440 F.3d 1267, 1275-76 (11th Cir. 2006). Likewise here, we reject Crews's argument that the district court violated the Sixth Amendment by sentencing him as an armed career criminal.

IV.

Crews also contends that the district court erred in applying a four-level increase to his offense level for use or possession of a firearm in connection with another felony offense. He argues that the district court based this increase on information that did not have sufficient indicia of reliability to support its probable accuracy because the presentence investigation report contained contradictory information. Even assuming arguendo that the district court erred in applying the four-level increase under § 2K2.1, the error was harmless, as the increase had no effect on Crews's ultimate offense level, which was determined by the application of the ACCA. United States v. Sarras, 575 F.3d 1191, 1220 n.39 (11th Cir. 2009) (holding that any error by a district court in applying a sentencing enhancement is harmless if it did not change a defendant's total offense level).

V.

Crews's final argument on appeal is that his 180-month sentence was substantively unreasonable under the sentencing factors in 18 U.S.C. § 3553(a)

6

because it was greater than necessary to achieve the goals in § 3553(a)(2), given that his criminal history was non-violent and involved non-residential burglaries. Again, the judge sentenced Crew to the minimum required under the ACCA and Crews does not assert that an exception to the ACCA minimum sentence applies here. The district court did not err because it lacked any discretion to use the § 3553(a) factors to vary downward from the minimum sentence. See United States v. Gomes, 621 F.3d 1343, 1346 (11th Cir. 2010) (holding that a district court commits reversible error when it sentences a defendant to less than the statutory minimum where no exception to the mandatory minimum applies).

Upon review of the record and consideration of the parties' briefs, we affirm.

AFFIRMED.

7