[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14296
_____

D.C. Docket No. 2:12-cr-00089-IPJ-TMP-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KENNETH EARL BOGGAN,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(December 17, 2013)

Before HULL and HILL, Circuit Judges, and PANNELL,[*] District Judge.

PANNELL, District Judge:

_____

[*] Honorable Charles A. Pannell, Jr., Senior United States District Judge for the Northern District of Georgia, sitting by designation.

After pleading guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), Kenneth Boggan was sentenced to 180 months of imprisonment. He appeals the district court's designation of his prior conviction for third-degree burglary in Alabama as a violent felony under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). The court affirms.

## I.  Background

On March 13, 2010, Kenneth Boggan was driving with his brother when a Birmingham, Alabama police officer stopped him for a traffic violation. The officer found an SKS assault rifle and a Smith & Wesson .357 caliber revolver in the car, along with a Kel-Tec .32 caliber pistol in Boggan's back pocket. On February 29, 2012, Boggan was indicted as a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He entered a blind guilty plea on May 1, 2012.

The pre-sentence report ("PSR") submitted to the district court revealed that Boggan had several prior Alabama convictions punishable by a term of imprisonment exceeding one year. The ACCA imposes a mandatory minimum sentence of fifteen years of imprisonment for a person "who has three previous . . . convictions for a violent felony or serious drug offense, or both, on occasions different from one another." 18 U.S.C. § 924(e)(1). According to the PSR, Boggan had four convictions that could independently be labeled as violent felonies: (1) a 1981 conviction for third-degree burglary, (2) a 1985 conviction for first-degree

2

robbery, (3) a 1985 conviction for kidnapping, and (4) a 1985 conviction for rape. Boggan's kidnapping and rape convictions, however, arose out of the same criminal episode, so only one could be counted towards the three violent felonies required to trigger a fifteen-year mandatory minimum sentence under 18 U.S.C. § 924(e)(1). Nevertheless, with his 1985 robbery and 1981 burglary convictions, the PSR concluded that Boggan still had three prior violent felonies.

Boggan objected to the PSR's treatment of his prior offenses, including the 1981 third-degree burglary offense, as violent felonies. The district court overruled his objections and sentenced Boggan to the mandatory minimum sentence of fifteen years imprisonment. Boggan now appeals the district court's determination that his third-degree burglary offense was a violent felony that triggered a statutory enhancement of his sentence.

## II. Standard of Review

This court reviews "*de novo* whether a particular conviction is a 'violent felony' for purposes of the ACCA." *United States v. Matthews*, 466 F.3d 1271, 1273 (11th Cir. 2006).

## III. Discussion

The issue on appeal is whether a conviction for violation of Alabama's third-degree burglary statute, Ala. Code § 13A-7-7 (1979),[1] constitutes a "violent

---

[1] At oral argument, the parties confirmed that this is the version of the Alabama Code applicable to Boggan's 1981 burglary conviction.

felony" for purposes of statutory sentencing enhancements under the ACCA, 18 U.S.C. § 924(e)(1), and for purposes the United States Sentencing Guidelines ("USSG") § 4B1.4.

## A.    The ACCA

The ACCA defines a violent felony as:

any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
(i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or
(ii)    is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another; . . . .

18 U.S.C. § 924(e)(2)(B). The final clause of § 924(e)(2)(B)(ii)—crimes that otherwise involve conduct that presents a serious potential risk of physical injury to another—is known as the "residual clause."

## B.    The District Court's Ruling

At Boggan's sentencing hearing, the district court held that his burglary offense was a violent felony because it was covered under the residual clause of the violent-felony definition in § 924(e)(2)(B)(ii). The residual clause applies to offenses "involv[ing] conduct that presents a serious potential risk of physical injury to another."

4

## C.    Boggan's Argument on Appeal

On appeal, Boggan concedes that two of his three prior convictions (the 1985 robbery and the combined 1985 kidnapping and rape) qualify as violent felonies under the ACCA, although he did contest this in the district court. His argument on appeal is that his first conviction in 1981 for third-degree burglary in Alabama does not qualify as a violent felony and, therefore, the district court erred in deciding that he qualified for an enhanced sentence under the ACCA. Specifically, he argues that his 1981 conviction does not qualify as a violent felony because Alabama's third-degree burglary crime is a non-generic version of common-law burglary.

### 1.  The enumerated crime of burglary in 18 U.S.C. § 924(e)(2)(ii)

The United States Supreme Court has defined the type of burglary conviction that qualifies for the enumerated crime of burglary in § 924(e)(2)(ii). "In *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143 (1990), the Supreme Court held that 'a person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime.'" *United States v. Rainer*, 616 F.3d 1212, 1213–14 (11th Cir. 2010) (quoting *Taylor*, 495 U.S. at 599, 110 S.Ct. at 2158). "Regardless of its state law label, a burglary that

5

includes those elements is a 'generic burglary' and qualifies as a 'violent felony' for ACCA purposes." *Id.* "Burglaries that do not include all of the elements essential to generic burglary are non-generic." *Id.* at 1214. Nevertheless, "[a] conviction under a non-generic burglary statute still counts as 'burglary' under the ACCA if the defendant was actually found guilty of the elements of a generic burglary." *Id.* at 1215. Therefore, if Boggan was found guilty in 1981 of committing the elements of generic burglary, his conviction could still qualify for an ACCA enhancement for the enumerated crime of burglary.

2. *Boggan's application of the ACCA to his 1981 third-degree burglary conviction*

Alabama's third-degree burglary statute included the following definition of "building" at the time Boggan was convicted:

> [A]ny structure which may be entered and utilized by persons for business, public use, lodging or the storage of goods, and includes any vehicle, aircraft or watercraft used for the lodging of persons or carrying on business therein. Where a building consists of two or more units separately occupied or secured, each shall be deemed both a separate building and a part of the main building.

Ala. Code § 13A-7-1(2) (1979).

Boggan argues that Alabama's third-degree burglary statute is non-generic because it includes vehicles, aircraft, or watercraft used for the lodging of persons or transaction of business within its definition of "building." This court reached the same conclusion in *Rainer*, holding, "Alabama's third-degree burglary statute is a

6

non-generic burglary statute because it covers some vehicles, aircraft, and watercraft, which are places or property falling outside the scope of generic burglary." *Rainer*, 616 F.3d at 1215.

Yet, as this court also held in *Rainer*, "[t]he finding that Alabama's third-degree burglary statute is a non-generic burglary statute does not end our inquiry. A conviction under a non-generic burglary statute still counts as 'burglary' under the ACCA if the defendant was actually found guilty of the elements of a generic burglary." *Id.* To that end, "enquiry under the ACCA to determine whether a plea of guilty to burglary defined by a nongeneric statute necessarily admitted elements of the generic offense is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Shepard v. United States*, 544 U.S. 13, 26, 125 S.Ct. 1254, 1263 (2005). These pieces of evidence are collectively known as "*Shepard*" documents.

Here, Boggan argues that the record from the district court does not sufficiently show that the district court made a finding of fact from *Shepard* documents that Boggan was convicted of burglarizing a "building or structure" in 1981, a required element for generic burglary. At Boggan's sentencing hearing, the district judge read a portion of the 1981 indictment, which stated, "[Boggan] did

7

knowingly enter or remain unlawfully in a building of Cecil McClure with the intent to commit a crime therein, to wit, theft." Relying on this court's analysis of Alabama's third-degree burglary statute in *Rainer*, Boggan argues that it would be mere speculation to determine that this "building" was an actual building instead of a vehicle, aircraft, or watercraft.

In *Rainer*, this court had to determine whether statements in the indictments and judgments from 1980 and 1982 convictions established that the defendant had burglarized a "building or structure." *Rainer*, 616 F.3d at 1216. The statements at issue in *Rainer* were (1) "[the defendant] did knowingly enter or remain unlawfully in a building of Richie's Shoe Store, Inc., a corporation, with intent to commit a crime therein, to wit: theft of property" and (2) "[the defendant] did knowingly enter or remain unlawfully in a building of, to wit: Whiddon's Gulf Service Station, owned by Wilson M. Whiddon, with intent to commit a crime therein, to wit: theft of property." *Id.*

The defendant in *Rainer* argued that these statements could have been referring to vehicles instead of buildings because the definition of "building" in the Alabama statute includes "vehicles." Because the statute also requires that a qualifying "vehicle" be "used for lodging of persons or carrying on business therein," the court determined that a gasoline service station business could not plausibly be run out of a vehicle and the possibility of a shoe store run out of a

8

vehicle was too far-fetched to undermine the court's "conviction that Rainer's two previous convictions were for burglary of a building in the generic burglary sense of the word." *Id.*

Boggan contrasts the statement read at his own sentencing with those in *Rainer* to argue that the government did not meet its burden to prove what exactly he was convicted of burglarizing in 1981. The statement the district court read from the 1981 indictment was "a building of Cecil McClure." According to Boggan, because this statement does not include the level of detail in the statements in *Rainer* (i.e., "building of Richie's Shoe Store, Inc." and "Whiddon's Gulf Service Station"), this court cannot reach the same common-sense conclusion here that it did in *Rainer*.  We need not, however, resolve this issue of the sufficiency of the *Shepherd* documents because Boggan's burglary conviction qualifies, in any event, as a violent felony under the residual clause as explained below.

## D.    The Residual Clause of the ACCA

Contrary to Boggan's focus on whether his conviction qualifies for the enumerated crime of burglary in § 924(e)(2)(ii), this court agrees with the government that the conviction falls under the residual clause of the violent felony

9

definition because it "involve[d] conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(ii).[2]

### 1. Crimes that qualify as a violent crime under the residual clause

As this court recently recognized in *United States v. Petite*, 703 F.3d 1290, 1294 (11th Cir. 2013), the Supreme Court requires courts to use a "categorical approach" and a "comparative inquiry" to determine whether a crime qualifies as a violent crime under the residual clause of the ACCA. "Using the categorical approach, the central inquiry is whether the offense 'presents a serious potential risk of physical injury to another' comparable to the risk posed by the ACCA's enumerated crimes." *Petite*, 703 F.3d at 1294 (quoting *Sykes v. United* States, ___ U.S. ___, 131 S.Ct. 2267, 2273 (2011)). "[A] crime involves the requisite risk when 'the risk posed by [the crime in question] is comparable to that posed by its closest analog among the enumerated offenses.'" *Id.*

Here, the crime in question is third-degree burglary, which has the nearly direct analogue of "generic" burglary among the enumerated offenses in the second prong of violent felonies in the ACCA ("generic" because of the Supreme Court's holding in *Taylor* deciding what constitutes burglary for purposes of the ACCA).

---

[2]The government contends that Boggan's brief has not addressed the merits of the district court's clear holding that his 1981 third-degree burglary conviction falls under the residual clause of the ACCA and has therefore abandoned the point. *See United States v. Wright*, 607 F.3d 708, 713 (11th Cir. 2010) ("issues and contentions not raised in the initial brief are deemed abandoned"). We need not resolve that abandonment issue either because there is no reversible error shown in the district court's conclusion that Boggan's 1981 burglary conviction qualifies as a violent felony under the residual clause.

10

The question for the court, then, is whether Alabama's third-degree burglary crime poses the same risk as generic burglary.

In *United States v. Matthews*, this court addressed a similar application of the residual clause to determine whether the defendant's convictions for third-degree burglary under Florida's third-degree burglary statute, Fla. Stat. § 810.02, qualified as a violent crime under the ACCA. 466 F.3d 1271 (11th Cir. 2006). At the time of the convictions, the Florida statute defined a "building" as including a structure's curtilage, and "Florida case law construe[d] curtilage narrowly, to include only an enclosed area surrounding a structure." *Id.* at 1274 (citing *State v. Hamilton*, 660 So.2d 1038, 1044 (Fla. 1995); *Henry v. State*, 707 So.2d 370, 372 (Fla. Dist. Ct. App. 1998)).

The defendant in *Matthews* argued that his prior burglary conviction did not qualify as a violent felony for purposes of the ACCA because the curtilage of a structure is not included in the generic definition of burglary and the record of his conviction did not clarify whether he burglarized a structure or its curtilage. This court agreed that this ambiguity existed but determined that the defendant's burglary conviction qualified as a violent felony because it fell within the residual clause, concluding:

> [In committing the state offense, the burglar] may come into contact with the property's owners, occupants, or caretakers. His close physical presence to the structure could lead an innocent person to investigate why he is there, and his presence alone could reasonably

11

be perceived by any of these persons as threatening. Either the innocent or the burglar might react violently. In short, the burglar's presence in the curtilage of the structure presents a serious potential risk that violence will ensue and someone will be injured.

*Id.* at 1275. Thus, this court held "that a Florida conviction for burglary of a structure's curtilage is a conviction for a violent crime" for purposes of the ACCA. *Id.* at 1276.

    2.  Matthews *is applicable to Boggan's conviction*

In *Matthews*, this court held that burglary of the curtilage poses the same risk as burglary of the building because in either case the burglar "may come into contact with the property's owners, occupants, or caretakers." *Id.* at 1275. To apply that reasoning here, the court would have to conclude that burglary of a "vehicle, aircraft or watercraft used for the lodging of persons or carrying on business therein" poses the same risk as burglary of a traditional building because the burglar may come into contact with the property's owners, occupants, or caretakers. A vehicle, aircraft, or watercraft may not always be in close enough proximity to a traditional building to create the same risk of violence to another created by burglarizing a traditional building. But the Alabama statute clarifies that a person burglarizes a vehicle, aircraft, or watercraft only if it is used for the "lodging of persons or carrying on business therein." This qualification implies that other people could be in close proximity to the "building" that is burglarized, posing a similar risk of violent confrontation. Thus, a conviction under the

12

Alabama third-degree burglary statute demonstrates "a serious potential risk of physical injury to another comparable to the risk posed by the ACCA's enumerated crimes."

## IV. Conclusion

The court holds that a conviction for violation of Alabama's third-degree burglary statute, Ala. Code § 13A-7-7 (1979), constitutes a "violent felony" for purposes of statutory sentencing enhancements under the ACCA because it "involves conduct that presents a serious potential risk of physical injury to another."

AFFIRMED.

HILL, Circuit Judge, dissenting:

I believe that the trend among the courts to resurrect the statute of conviction as a valid crime of violence under the residual clause, when it has been specifically disqualified as a crime of violence under the elements or enumerated clauses, is error. It is one thing to determine that a crime is one of violence under the residual clause because it poses a significant risk of physical injury when that crime has not previously been disqualified as a crime of violence under the elements or enumerated clauses. But, in my view, it is quite another thing to hold that a crime that has been specifically disqualified under those clauses – either because its elements are over inclusive and permit conviction for clearly non-violent conduct, or because it is an enumerated crime but allows conviction for non-generic versions of that crime – can still be used to enhance because, under the residual clause, the court can posit circumstances under which its violation might pose a serious risk of physical injury to someone. If this is permitted, then the elements and enumerated clauses have no legal significance. They become mere surplusage, and should be disregarded entirely. In the future, no court should waste its time on any claim that a crime does not qualify as a crime of violence under these clauses. Only claims that a crime does not qualify under the residual clause should be entertained, and even then the outcome cannot seriously be in doubt. Any crime can pose a serious threat of physical injury if we are free to speculate and invent a

14

set of circumstances under which such a risk might arise.  There is no principled limit to this exercise.[1]  Because I believe such an enterprise violates the constitutional principle that a law must provide notice of what conduct is prohibited or what conduct might be used to significantly enhance a criminal sentence, I respectfully dissent.

---

[1] For example, I can imagine that Bernie Madoff's victims might easily have gone berserk and, one or more, attacked him.  Thus, felony financial fraud upon a victim, measured by the residual clause, is a crime of violence.